IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| MOHAN GROUP, LLC D/B/A RED ROOF INN, | § § § | |
| Plaintiff, | § § | CIVIL ACTION NO. 6:23-CV-323 |
| v. | § § § § | |
| STEADFAST INSURANCE COMPANY, CONSTITUTION INSURANCE COMPANY, ATEGRITY SPECIALTY INSURANCE COMPANY, ALLIED WORLD ASSURANCE COMPANY, AND STARR SPECIALTY INSURANCE COMPANY, | § § § § § § § | |
| Defendants. | § § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

**PARTIES**

1. Plaintiff, Mohan Group, LLC d/b/a Red Roof Inn is a Texas limited liability company whose principal office is in Dallas County. Plaintiff's sole member is Mohan Hirani, whose state of residence is Texas.

2. Defendant, Steadfast Insurance Company, (hereinafter referred to as "Steadfast") is an Illinois corporation and maintains its principal place of business in Illinois. Defendant may be served with process by serving its agent for service, Corporation Service Company at 211 E. 7th Street, Suite 620, Austin, Texas 78701.

3. Defendant, Constitution Insurance Company, (hereinafter referred to as "Constitution") is a corporation that is incorporated under the laws of the State of New York. Defendant has its principal place of business in the State of Nebraska. Defendant may be served with process by

serving its agent for service, Corporation Service Company at 211 E. 7th Street, Suite 620, Austin, Texas 78701.

4. Defendant, Ategrity Specialty Insurance Company, (hereinafter referred to as "Ategrity") is a Delaware corporation and maintains its principal place of business in Arizona. Defendant may be served with process by serving its agent for service, Commissioner, Texas Department of Insurance, 1601 Congress Avenue, Austin, Texas 78701.

5. Defendant, Allied World Assurance Company, (hereinafter referred to as "Allied") is a Delaware corporation and maintains its principal place of business in New York. Defendant may be served with process by serving its agent for service, Corporation Service Company at 211 E. 7th Street, Suite 620, Austin, Texas 78701.

6. Defendant, Starr Specialty Insurance Company, (hereinafter referred to as "Starr") is a Delaware corporation and maintains its principal place of business in New York. Defendant may be served with process by serving its agent for service, C T Corporation System at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

## JURISDICTION

7. The Court has jurisdiction over the lawsuit under 28 U.S.C. §1332(a)(1) because plaintiff and each individual defendant are citizens of different U.S. states, and the amount in controversy exceeds $75,000, excluding interest and costs.

## VENUE

8. Venue is proper in this district under 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this district.

## CONDITIONS PRECEDENT

9. All conditions precedent have been performed or have occurred.

## FACTS

10. Plaintiff is the owner of several property insurance policies, issued by the defendants (hereinafter referred to as the "policies").

11. Plaintiff owns the property that is specifically located at 3300 Mineola Highway, Tyler, Texas 75702 (hereinafter referred to as the "property").

12. Defendants or their agents sold the insurance policies to plaintiff.

13. On or about February 16, 2021, the insured's property sustained damage from a winter storm. The insured submitted claims to defendants against the policies for damage caused to the property because of the storm. The insured asked defendants to cover the cost of repairs to the property pursuant to the policies and any other available coverages under the policies.

14. After the insured reported the claim, defendants inspected the property in question. Defendants performed an insufficient and unreasonable investigation of the property. The winter storm caused extensive damage to the property's interior. The extensive damage to the interior of the property called for the flooring to be replaced, drywalls to be sealed, hung, taped, and floated, removal and replacement of insulation, repair to the drywall texture, painting, and content removal. Defendants did not conduct a thorough inspection and did not make sufficient allowances for these damages. As a result of Defendants' unreasonable investigations, the insured was wrongly denied the full cost to repair all the damage.

15. Defendants failed to properly adjust the claim and Defendants has denied at least a portion of the claim without an adequate investigation, even though the policies provided coverage for losses such as those suffered by the insured. Furthermore, Defendants underpaid portions of the insured's claims by not providing full coverage for the damages sustained by the insured, as well as under-scoping the damages during their investigations.

16. In addition, Defendants denied contractor overhead and profit expenses associated with the proper repair of the property. Defendants denied payment of dumpster load fees, debris disposal fees, residential supervision, taxes, insurance, permits, and fees. Defendants have displayed a pattern and practice of denying payment of these expenses to any of their insureds.

17. Defendants failed to properly assess the condition of the risk during the underwriting process and during the policy period and Defendants failed to establish a loss reserve that was commensurate with the risk and possible extent of the loss. Defendants' improper underwriting actions negatively impacted the amount of funds available for a fair payment of the insured's claim and provided Defendants with a motive to underpay and/or wrongly deny the insured's claim.

18. Defendants failed to properly qualify, train, and supervise their employees and agents to whom Defendants entrusted the handling of various portions of insured's claim.

19. Defendants, their agents, and employees failed to follow procedures and properly execute their claim handling duties. Defendants' actions, as detailed in the facts of this letter and the allegations set forth herein, caused a system failure that resulted in Defendants' violation of the Texas Insurance Code, Texas Deceptive Trade Practices Act, as well as the violation of a host of Texas common law principles of law. These violations resulted in Defendants' denial to the insured of the full protection and benefits of these laws and the policy benefits to which the insured was entitled.

20. Defendants failed to communicate with the insured to ensure that the insured understood the coverage denials that the insured received.

21. To date, Defendants continues to delay in the payment for the damages to the property. As such, the insured's claim(s) remain unpaid, and the insured still has not been able to properly repair the property.

## POST-CLAIM UNDERWRITING

22. Plaintiff alleges that defendants engaged in post-claim underwriting in their handling of plaintiff's claim. At the time that defendants sold the insurance policies to plaintiff, defendants fraudulently failed to recognize the risk posed by the applicant plaintiff before agreeing to insure plaintiff. This allowed defendants to immediately collect profits on the premium paid by the plaintiff. Defendants expended virtually no effort in underwriting the risk associated with the insurance policies to secure the policy sales and then launched an all-out investigation searching for any reason to deny the claim. In their use of post-claim underwriting, defendants searched for reasons to deny plaintiff's claim by conducting the type of evaluation that they should have conducted before defendants sold the policies to plaintiff and before plaintiff paid insurance premiums to defendants. Had plaintiff known and understood that defendants would engage in post-claim underwriting before plaintiff agreed to purchase the insurance policies from defendants, the plaintiff would have made an informed decision and purchased coverage from a different insurance company. Defendants' actions allowed defendants to collect an upfront premium profit while scheming to betray their promise of full indemnity. In the case at hand, Defendants' post-claim underwriting scheme caused plaintiff to purchase worthless insurance policies and suffer financial property loss.

23. Defendants underwrote plaintiff's policies as part of a scheme to deny any claim plaintiff would file under the policies. Defendants' post-claim underwriting scheme caused defendants to wrongly deny plaintiff's claim. To date, defendants continue to delay in the payment for the damages to the property. As such, the plaintiff's claim remains unpaid, and the plaintiff was never able to properly repair the property.

## COUNT 1 - BAD FAITH

24. Plaintiff is an insured under the insurance contracts issued by defendants, which gave rise to a duty of good faith and fair dealing.

25. Defendants breached the duty by denying and delaying payment of a covered claim when defendants knew or should have known their liability under the policies was reasonably clear.

26. Following their initial inspection, defendants possessed all information necessary to enable them to make a fair coverage and payment determination on plaintiff's claim. In addition, following their initial inspection, defendants failed to provide coverage for all the covered damage, including the damage that plaintiff's inspector discovered during his inspection. Defendants failed to honor their obligation to perform a reasonable investigation and issue timely payment to plaintiff.

27. Defendants' breach of duty proximately caused injury to plaintiff, which resulted in the following damages:

    a.    mental anguish damages; and

    b.    loss of policy benefits.

28. <u>Exemplary damages.</u> Plaintiff suffered injury independent of the loss of policy benefits, and that injury resulted from Defendants' gross negligence, malice, or actual fraud, which entitles plaintiff to exemplary damages under Texas Civil Practice & Remedies Code section 41.003(a).

## COUNT 2 - BREACH OF CONTRACT

29. In addition to other counts, defendants breached their contracts with plaintiff.

30. Plaintiff and defendants executed valid and enforceable insurance contracts. The contracts stated that defendants would pay the replacement cost of covered damage which occurred

to plaintiff's property caused by a covered peril, and that plaintiff would pay insurance premiums and perform other obligations as outlined in the insurance policies.

31. Plaintiff fully performed plaintiff's contractual obligations.

32. Defendants breached the contract by refusing to pay the full amount of the cost to repair or replace the property. Defendants failed and refused to pay any of the proceeds of the policies, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property and all conditions precedent to recovery upon the policies had been carried out and accomplished by plaintiff.

33. Plaintiff seeks unliquidated damages within the jurisdictional limits of this court.

34. <u>Attorney Fees.</u> Plaintiff is entitled to recover reasonable attorney fees under Texas Civil Practice & Remedies Code chapter 38 because this suit is for breach of a written contract. Plaintiff retained counsel, who presented plaintiff's claim to defendants. Defendants did not tender the amount owed within 30 days of when the claim was presented.

### COUNT 3 – DECEPTIVE INSURANCE PRACTICES

35. Defendants failed to explain to plaintiff the reasons for defendants' offer of an inadequate settlement. Defendants failed to offer plaintiff adequate compensation without adequate explanation of the basis in the policies for their decision to make less than full payment. Furthermore, defendants did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the policies, nor did they provide any explanation for the failure to adequately settle plaintiff's claim.

36. Defendants failed to affirm or deny coverage of plaintiff's claim within a reasonable time. Specifically, plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from defendants.

37. Defendants refused to fully compensate plaintiff under the terms of the policies, even though defendants failed to conduct a reasonable investigation. Defendants performed an outcome-oriented investigation of the plaintiff's claim which resulted in a biased, unfair and inadequate evaluation of plaintiff's losses on the property.

38. Defendants failed to meet their obligations under the Texas Insurance Code regarding their duties to timely acknowledge plaintiff's claim, begin an investigation of plaintiff's claim, and request all information reasonably necessary to investigate plaintiff's claim within the statutorily mandated time of receiving notice of plaintiff's claim.

39. Defendants failed to accept or deny plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information. In addition, defendants failed to communicate with plaintiff to ensure that plaintiff understood the coverage denials plaintiff received.

40. Defendants' acts or practices violated:

   a. Texas Insurance Code chapter 541, subchapter B.

   (1) Misrepresenting to a claimant a material fact or policy provision relating to the coverage at issue. TEX. INS. CODE §541.060(a)(1).

   (2) Not attempting in good faith to bring about a prompt, fair, and equitable settlement of a claim once the insurer's liability becomes reasonably clear. TEX. INS. CODE §541.060(a)(2)(A).

   (3) Not promptly giving a policyholder a reasonable explanation, based on the policy as it relates to the facts or applicable law, for the insurer's denial of a claim or for the offer of a compromise settlement of a claim. TEX. INS. CODE §541.060(a)(3).

   (4) Not affirming or denying coverage within a reasonable time. TEX.

INS. CODE §541.060(a)(4)(A).

(5) Refusing to pay a claim without conducting a reasonable investigation. TEX. INS. CODE §541.060(a)(7).

(6) Making an untrue statement of material fact. TEX. INS. CODE §541.061(1).

(7) Leaving out a material fact, so that other statements are rendered misleading. TEX. INS. CODE §541.061(2).

b. Texas Deceptive Trade Practices Act §17.46(b).

(1) Representing that an agreement confers or involves rights, remedies, or obligations that it does not, or that are prohibited by law. TEX. BUS. & COM. CODE §17.46(b)(12).

c. Texas Insurance Code Chapter 541.151.

41. Defendants' acts and practices were a producing cause of injury to plaintiff which resulted in the following damages:

   a. actual damages; and

   b. insurance policy proceeds.

42. Plaintiff seeks damages within the jurisdictional limits of this Court.

43. <u>Additional damages.</u> Defendants acted knowingly, which entitles plaintiff to recover treble damages under Texas Insurance Code section 541.152(b).

44. <u>Attorney fees.</u> Plaintiff is entitled to recover reasonable and necessary attorney fees under Texas Insurance Code section 541.152(a)(1).

### COUNT 4 - LATE PAYMENT OF CLAIMS

45. Plaintiff is insured under contracts for insurance issued by defendants.

46. Defendant are insurance carriers doing business in the State of Texas.

47. Plaintiff suffered a loss covered by the policies and gave proper notice to defendants of plaintiff's claim.

48. Defendants are liable for the claim and had a duty to pay the claim in a timely manner.

49. Defendants breached their duty to pay plaintiff's claim in a timely manner by not timely:

    a.    acknowledging the claims;

    b.    investigating the claims;

    c.    requesting information about the claims;

    d.    paying the claims after wrongfully rejecting them; and

    e.    paying the claims after accepting them.

50. Defendants' breach of duty caused injury to plaintiff, which resulted in the following damages:

    a.    mental anguish damages;

    b.    policy proceeds;

    c.    prejudgment interest.

51. <u>Statutory damages.</u>  Plaintiff is entitled to recover actual damages in the amount of the claim, and under Texas Insurance Code section 542.060(a), statutory damages of 10% of the amount of the claim.

52. <u>Attorney fees.</u>  Plaintiff is entitled to recover reasonable attorney fees under Texas Insurance Code section 542.060(b).

## JURY DEMAND

53. Plaintiff respectfully requests a trial by jury.

## Conditions Precedent

54. All conditions precedent to plaintiff's claim for relief have been performed or have occurred.

## Prayer

55. For these reasons, plaintiff asks that plaintiff be awarded a judgment against defendants for the following:

    a. Actual damages.

    b. Prejudgment and postjudgment interest.

    c. Court costs.

    d. Attorneys' fees.

    e. Exemplary damages.

    f. All other relief to which plaintiff is entitled.

Respectfully submitted,

GULF COAST INSURANCE LAWYERS, P.C.
3233 West Dallas Street, Suite 2101
Houston, Texas 77019
Telephone: (713) 941-9309
Facsimile: (844) 270-0740

_____
DANNY RAY SCOTT
State Bar No. 24010920
danny@gulfcoastinsurancelawyers.com
NOHAYIA JAVED
State Bar No. 24074482
attorneyjaved@gulfcoastinsurancelawyers.com
HALIMATOU BAH
State Bar No. 24130178
hbah@gulfcoastinsurancelawyers.com

*Attorneys for Plaintiff*